```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

LEROY a/k/a DEREK LEROY MCSMITH                CIVIL ACTION

VERSUS                                         NUMBER: 07-1179

LORETTA WHYTE                                  SECTION: "R"(5)


### REPORT AND RECOMMENDATION


The above-captioned matter came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915. Section (e)(2) of the foregoing statute directs district courts to screen complaints that were filed in forma pauperis ("IFP") and to dismiss those cases that are, inter alia, frivolous or malicious or fail to state a claim upon which relief can be granted. The Court thus issues this Report and Recommendation pursuant to that statutory directive.

Pro se plaintiff, Leroy a/k/a Derek Leroy McSmith, is one of the Court's most prolific litigators of recent date. (See McSmith v. Chasez, 07-CV-656 "F"(2), rec. doc. 2, pp. 6, 8-9 for a listing of some of plaintiff's other cases in this forum). In this

lawsuit, McSmith's most recent foray into the realm of frivolousness, he complains that Clerk of Court Whyte has failed to act upon a motion for default judgment that he filed in one of his numerous other cases pending here, McSmith v. Baehr, 06-CV-11200 "C"(3). A review of the record in the latter case reveals that on February 23, 2007, plaintiff filed a motion for default judgment requesting that judgment be entered against one of the named defendants at a rate of $1,000.00 per day since September 11, 2006. (06-CV-11200, rec. doc. 19). A review of 06-CV-11200 further reveals that plaintiff had not moved for the entry of a default under Rule 55(a), Fed.R.Civ.P., prior to filing his motion for default judgment under Rule 55(b)(1).

The entry of a default under Rule 55(a) is a condition precedent to the rendition of a default judgment under Rule 55(b), whether done by the clerk or the court. Griffin v. Foti, 2003 WL 22836493 at *1 (E.D. La. 2003)(citing Great Atlantic Pacific Tea Co. v. Heath, 1995 WL 258317 at *1 (E.D. La. 1995)). Plaintiff having failed to move for the entry of a default under Rule 55(a) prior to filing his motion for default judgment under Rule 55(b)(1), there was noting pending in 06-CV-11200 that was in a procedurally proper posture for Clerk of Court Whyte to act upon. No First Amendment violation is apparent here. Plaintiff's claim lacks an arguable basis in law and fact and should thus be

dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  22nd  day of    March    , 2007.

_____
UNITED STATES MAGISTRATE JUDGE

3