UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY a/k/a DEREK LEROY MCSMITH          CIVIL ACTION

VERSUS                                   NUMBER: 07-1179

LORETTA WHYTE, ET AL.                    SECTION: "R"(5)


**REPORT AND RECOMMENDATION**


The above-captioned matter previously came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915. (Rec. doc. 3). In furtherance of the Court's continuing obligation to screen lawsuits like plaintiff's that were filed in forma pauperis ("IFP") and to dismiss those claims that are frivolous or malicious or fail to state a claim upon which relief can be granted, 28 U.S.C. §1915(e)(2), the Court issues this Report and Recommendation with respect to the amended complaint filed herein by plaintiff on April 13, 2007. (Rec. doc. 7).

The amended complaint that is presently before the Court is yet another step in plaintiff's apparent campaign to bombard the

judiciary with meritless claims and to drain it of its increasingly scarce resources.  Plaintiff's original complaint in this case named only one individual as a defendant, namely, the Honorable Loretta G. Whyte, and centered on her failure to act on a motion for default judgment plaintiff had filed in one of his numerous other lawsuits. (Rec. doc. 1).  On March 22, 2007, the undersigned issued a Report and Recommendation recommending that plaintiff's original complaint be dismissed as frivolous because he had not moved for the entry of default prior to filing his motion for default judgment.  (Rec. doc. 4).  Plaintiff filed objections to the aforementioned Report and Recommendation on April 3, 2007. (Rec. doc. 6).  Apparently unsatisfied that those objections were sufficient to protect his legal rights, plaintiff filed the instant amended complaint on April 13, 2007 against the United States, the U.S. Marshal's Service, and Timothy Goode ("Goode"), a Deputy U.S. Marshal who previously worked in this district.  (Rec. doc. 7).  In what has become his litigating modus operandi, plaintiff's amended complaint presents a wholly unrelated cause of action, against totally different defendants, from that found in his original complaint.  Premising his amended pleading on an alleged violation of the First Amendment and for "fraud", the pertinent portion of plaintiff's statement of claim is as follows:

> [i]n civil action 06-4601 filed in this

2

district by plaintiff against Blackwater USA
on the marshal service form 285 plaintiff list
Jon Castle as the individual to be served for
Blackwater USA.

Defendant Goode wrote on the form without
plaintiff's authorization "Blackwater, Inc."
which gave the impression that plaintiff was
attempting to effectuate service upon
Blackwater, Inc., via Jon Castle.

The court in 06-4601 in issuing its report and
recommendation recommended that the claim be
dismissed with prejudice due to the
misrepresentation made by defendant Goode and
as a result plaintiff has been damaged.

(Rec. doc. 7, pp. 2-3).

From the newly-added federal defendants, plaintiff seeks
declaratory relief and two hundred thousand dollars in damages, his
estimate of the value of his claim in LeRoy v. Blackwater, Inc.,
a/k/a Blackwater USA, et al., 06-CV-4601 "C"(2). (Rec. doc. 7, p.
3).

In 06-CV-4601, plaintiff sued Blackwater, Inc. a/k/a
Blackwater USA (later correctly identified as Blackwater Lodge &
Training Center, Inc. d/b/a Blackwater USA), alleging that the
defendant's employees prevented him from entering a New Orleans
Public Library on August 22, 2006 in violation of his First
Amendment rights to assemble and to petition the government for
redress. (06-CV-4601, rec. doc. 3). On October 19, 2006,
plaintiff presented the U.S. Marshal with a completed USM-285 form

3

for service purposes under Rule 4(c)(2), Fed.R.Civ.P., identifying the named defendant as Blackwater, USA and further identifying one Jon Castle as the appropriate person upon whom service was to be effected. (Rec. doc. 5). To facilitate service efforts and so as to conform the USM-285 form to the pleadings, someone, presumably from the Marshal's Service, added the notation "Blackwater, Inc." behind Jon Castle's name as well as the city and zip code where service was to be effected. (Id.). As reflected by the service return filed in that case, Goode successfully served Jon Castle on October 23, 2006. (Id.). Blackwater subsequently filed a motion to dismiss to which plaintiff filed no opposition. (06-CV-4601, rec. doc. 18). On March 21, 2007, Magistrate Judge Wilkinson issued a Report and Recommendation recommending that plaintiff's claim against Blackwater under 42 U.S.C. §1983 be dismissed for failure to state a claim because the named defendant was a private entity rather than a state actor. (06-CV-4601, rec. doc. 22). In so doing, Magistrate Judge Wilkinson specifically declined to address the alternative arguments raised in defendant's motion to dismiss, one of which was insufficiency of service of process because Jon Castle was not an appropriate corporate representative upon whom service could validly be effected. (06-CV-4601, rec. doc. 18, memo at pp. 4-6). Plaintiff filed objections to the aforementioned Report and Recommendation and on April 17, 2007, the District Judge

4

adopted the Report as the Court's opinion and dismissed plaintiff's claim against Blackwater.  (06-CV-4601, rec. doc. 34).

In order to prevail on a First Amendment claim for denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was actually prejudice.  Cochran v. Baldwin, 196 Fed. Appx. 256, 257-58 (5th Cir. 2006)(citing Lewis v. Casey, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 2180 (1996)).  Plaintiff falls woefully short of making that showing here.  First, plaintiff has no proof, other than his own unsubstantiated allegations, that the USM 285 form that he completed was altered by Goode as opposed to any other employee of the Marshal's Service.  Be that as it may, in 06-CV-4601, plaintiff identified in the USM 285 form the individual upon whom he wished service to be effected on behalf of the corporation (i.e., Jon Castle), and that very individual was dutifully served by Goode pursuant to plaintiff's wishes. Plaintiff's claim against Blackwater in 06-CV-4601 was ultimately dismissed because that corporate defendant is not a state actor under §1983, not because the USM 285 form identified Jon Castle as the appropriate corporate representative for Blackwater, Inc., the named defendant, as opposed to Blackwater USA or any other variation of the Blackwater name.  Absolutely no prejudice is shown here.  Although plaintiff attempts to alternatively sue the three federal defendants for "fraud", the Court is unaware of, and is not

cited to any, authority for the proposition that such a free-standing cause of action exists under federal law. Moreover, plaintiff's complaint contains no allegations whatsoever respecting the United States or the U.S. Marshal's Service. For these reason, it will be recommended that plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 7th day of _____May_____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE